IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| Ashla Nicole Wilson, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No.: |
| | ) | |
| v. | ) | |
| | ) | |
| Nationwide Recovery Service, Inc., | ) | **COMPLAINT WITH** <br> **JURY TRIAL DEMAND** |
| | ) | |
| Defendant. | ) | |

### PRELIMINARY STATEMENT

This action for damages is based upon the Defendants' overt and intentional, unlawful conduct in the furtherance of its efforts to collect a consumer debt. The Defendants' conduct is in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. 1692 *et seq.* and for violations of the Georgia Fair Business Practices Act (GFBPA), O.C.G.A. 10-1-390 *et seq.*

### PARTIES

1. Plaintiff, Ashla Nicole Wilson, is a natural person who resides in Chattooga County, Georgia.

1

2. Defendant, Nationwide Recovery Service, Inc., is a corporation formed under the laws of the State of Tennessee. It does business in Georgia and is registered in Georgia. Defendant may be served with process via its registered agent Joseph R. Delgado, Jr. at 5655 Peachtree Parkway, Suite 211, Norcross, Georgia 30092.

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction over Plaintiff's Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. This Court has personal jurisdiction over Defendant because, *inter alia*, Defendants frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein.

5. Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. Pursuant to LR 3.1B(3), venue is proper in the Atlanta Division because Defendant maintain a registered agent in Gwinnett County which is in the Atlanta Division.

## FACTUAL ALLEGATIONS

7. Plaintiff is allegedly obligated to pay consumer debts arising out of a consumer account and is therefore, a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

8. Defendant is a collection agency that focuses on the collection of consumer debt.

9. Defendant regularly collects, or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, to a third party.

10. Defendant uses interstate commerce and/or mail in its business in the collection of consumer debts.

11. Defendant is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

12. Plaintiff had fallen behind on several bills and was attempting to get her financial affairs in order.

13. Plaintiff filed a Chapter 13 bankruptcy petition in the Northern District of Georgia, case no. 19-40951-bem an April 25, 2019.

14. Plaintiff's bankruptcy petition included her accounts with Defendant.

15. Defendant was notified of the bankruptcy by Notice of Chapter 13 Bankruptcy by mail on or about April 29, 2019.

16. Yet, Defendant called Plaintiff on March 27, 2021 and May 7, 2021 in an attempt to collect a debt.

17. Defendant's actions caused Plaintiff anxiety, annoyance, and worry that she would continue to be harassed by debt collectors even after filing bankruptcy.

18. Plaintiff took time out of her day to seek the advice of counsel regarding the Defendants' collection attempts.

19. Defendant's behavior violated the automatic stay provision of the bankruptcy code and prevented Plaintiff from enjoying the fresh start bargained for by filing bankruptcy.

## **INJURIES-IN-FACT**

20. The FDCPA provides consumers with "statutorily-created rights to be free from 'being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.'" *McCamis v. Servis One, Inc.*, No. 8:16-CV-1130-T-30AEP, 2016 U.S. Dist. LEXIS 99492 (M.D. Fla. July 29, 2016); *Church v. Accretive Health, Inc.*, 654 Fed. Appx. 990, 2016 U.S. App. LEXIS 12414, 2016 WL 3611543 (11th Cir. 2016).

21. An injury-in-fact sufficient to satisfy Article III standing requirements "may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." *Church*, at 993, quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982).

22. Violation of statutory rights are not a "hypothetical or uncertain" injury, but one "that Congress has elevated to the status of a legally cognizable injury through the FDCPA." *McCamis*, at 4, citing *Church*, at 3.

23. Defendant has subjected Plaintiff to false, deceptive, unfair, and unconscionable means to collect the debt.

24. Defendant's acts and omissions caused particularized harm to the Plaintiff in that she suffered worry, annoyance, and anxiety by the collection agency attempting to collect payment from her after she filed for bankruptcy protection, and also that she took time to discuss this debt with counsel in response to the calls.

25. Wasted time is a concrete harm. S*ee Salcedo v. Hanna*, 936 F.3d 1162, 1172–73 (11th Cir. 2019).

26. Accordingly, through the suffering of actual damages and a violation of Plaintiffs' statutorily created rights under the FDCPA, Plaintiffs have suffered an injury-in-fact sufficient to establish Article III standing

## **DAMAGES**

27. As a result of the Defendants' actions and/or omissions, Plaintiff has suffered actual damages, including but not limited to the following:

a.) Being subjected to false, deceptive, unfair, and unconscionable debt collection practices;

b.) Uncompensated time expended away from work and/or activities of daily living, to confer with counsel regarding the Defendant's collection efforts; and,

c.) Anxiety and worry due to concerns that she would continue to receive debt collection phone calls after filing bankruptcy.

## CAUSES OF ACTION

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 *et seq.*

28. Plaintiff incorporates by reference paragraphs 1 through 27 as though fully stated herein.

*Violations of 15 U.SC. § 1692d and subparts*

29. 42. Defendant's calls to Plaintiff were intended to harass, abuse, embarrass, and intimidate the Plaintiff.

30. Defendant's conduct violated 15 U.S.C. § 1692d.

31. As a result of Defendant's violations of the FDCPA, Defendant is liable to Plaintiffs for actual damages as described herein, statutory damages in the amount of $1,000.00, costs of this action and reasonable attorney's fees as determined by the Court as mandated by 15 U.S.C. § 1692k.

***Violations of 15 U.SC. § 1692e and its subparts***

32. 15 U.S.C. §•1692e specifically prohibits the use of any false, deceptive, or misleading representations or means in connection with the collection of any debt.

33. The use of "or" in § 1692e means a representation violates the FDCPA if it is false or deceptive or misleading. *Bourff v. Rubin Lublin*, LLC, 674 F.3d 1238, 1241 (11th Cir. 2012).

34. The standard in determining the nature of any such representation is that of the "least sophisticated consumer." Its purpose is to protect "naive consumers" with a minimal understanding of personal finance and debt collection. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010).

35. Moreover, the least sophisticated consumer is not to be held to the same standard as a reasonably prudent consumer. The least sophisticated consumer, though not unreasonable, is "ignorant" and "unthinking," "gullible," and of "below-average sophistication or intelligence," *Pinson v. JPMorgan Chase Bank, Nat'l*

*Ass'n*, No. 16-17107, 2019 U.S. App. LEXIS 33662, at 12-13 (11th Cir. Nov. 12, 2019), quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)

36. A false representation in connection with the collection of a debt is sufficient to violate the FDCPA, even if it is not alleged or proven to be misleading or deceptive.

37. Defendant's attempt to collect a debt which was protected by the automatic stay of the bankruptcy court was a false, deceptive, and misleading communication made attempting to collect a debt.

38. Defendant's communications were false and misleading representations about the legal status of the debt.

39. Defendant's communications were in violation of 15 U.S.C. §§ 1692e, e(2)(A), e(5), and e(10) among others.

40. As a result of Defendant's violations of the FDCPA, Defendant is liable to Plaintiffs for actual damages as described herein, statutory damages in the amount of $1,000.00, costs of this action and reasonable attorney's fees as determined by the Court as mandated by 15 U.S.C. § 1692k.

## COUNT II

## VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT

### O.C.G.A. § 10-1-390, *et seq.*

41. Plaintiff incorporates by reference paragraphs 1 through 40 as though fully stated herein.

42. O.C.G.A. § 10-1-390 *et seq.* is commonly known as the "Fair Business Practices Act of 1975" (the "GFBPA").

43. The purpose of the GFBPA, is to protect consumers from unfair and/or deceptive practices in the conduct of any trade or commerce in part or wholly in the state. O.C.G.A. § 10-1-391.

44. O.C.G.A. § 10-1-391 directs that the GFPBA is to be interpreted and applied liberally and in harmony with the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1), which implements the FDCPA.

45. O.C.G.A. § 10-1-393(a) of the GFBPA broadly prohibits unfair and/or deceptive business practices.

46. Defendant intentionally engaged in unfair and deceptive business practices, as set forth herein, in an effort to collect a consumer debt.

47. Defendant's conduct has implications for the consuming public in general.

48. Defendant's conduct negatively impacts the consumer marketplace.

49. Collecting a debt incurred during a consumer transaction could harm the general consuming public if conducted via deceptive acts or practices and clearly

falls within the parameters of the GFBPA. Thus, a violation of the FDCPA constitutes a violation of the GFBPA. *See 1st Nationwide Collection Agency, Inc. v. Werner*, 288 Ga. App. 457, 459 (2007).

50. Upon information and belief, Defendant does not maintain a place of business in Georgia and has no assets in Georgia, thus relieving Plaintiffs of the Notice and Demand requirements of O.C.G.A. § 10-1-399(b).

51. As a result of Defendant's violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover general damages pursuant to O.C.G.A. § 10-1-399(a).

52. As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover exemplary damages pursuant to O.C.G.A. § 10-1-399(a).

53. As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover treble damages pursuant to O.C.G.A. § 10-1-399(c).

54. Plaintiff is entitled to recover reasonable attorney's fees and expenses of litigation pursuant to O.C.G.A. § 10-1-399(d).

## **TRIAL BY JURY**

55. Plaintiff is entitled to and hereby requests a trial by jury.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

a.) Plaintiff's actual damages;

b.) Statutory damages pursuant to 15 U.S.C. § 1692k;

c.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k;

d.) General, exemplary, and treble damages pursuant to O.C.G.A. § 10-1-399(a) & (c);

e.) Reasonable attorney's fees and costs pursuant to O.C.G.A. § 10-1-399(d); and

f.) Such other and further relief as may be just and proper.

Respectfully submitted this 29th day of September, 2021.

        **BERRY & ASSOCIATES**
        */s/ Matthew T. Berry*
        Matthew T. Berry
        Georgia Bar No.: 055663
        *matt@mattberry.com*
        2751 Buford Highway, Suite 600
        Atlanta, GA 30324
        Fax (404) 235-3333

        */s/ Chris Armor*
        Christopher N. Armor
        Georgia Bar No. 614061
        P.O. Box 451328
        Atlanta, GA 31145
        Phone 470-990-2568

Fax 404-592-6102
*chris.armor@armorlaw.com*
Plaintiff's Attorneys